UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NRO BOSTON LLC, NRO EDGARTOWN LLC,
JASON INDELICATO and ALICE INDELICATO,
individually and on behalf of all those similarly situated,   Docket No.: 21-cv-03652

                                     Plaintiffs,

    -against-                                    **NOTICE OF REMOVAL**

YELLOWSTONE CAPITAL LLC, DAVID GLASS,
YITZHAK STERN, and THE JOHN AND JANE DOE
INVESTORS,
                                   Defendants.
-------------------------------------------------------------------X

       PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, YITZHAK STERN ("Stern"), by and through the undersigned counsel, hereby removes this action from the Supreme Court of the State of New York, County of Rockland, to the United States District Court for the Southern District of New York. In support of this Notice of Removal, Stern states as follows:

## STATEMENT OF RELEVANT FACTS

       1.      On or about December 13, 2019, Plaintiffs filed a Summons with Complaint against Defendants, YELLOWSTONE CAPITAL LLC ("YSC"), DAVID GLASS ("Glass"), Stern, and THE JOHN AND JANE DOE INVESTORS. The Complaint purported to allege violations of 18 U.S.C. §§ 1962 (RICO), a claim seeking to vacate a New York state judgment previously entered against the Plaintiffs, and a claim under Mass. Gen. Law Ch. 93A.

       2.      At the time the Complaint was deemed served, it was not removable because the District Court lacked subject matter jurisdiction to hear Plaintiffs' claims based upon the *Rooker-Feldman* doctrine. Among Federal Courts, only the United States Supreme Court has subject matter jurisdiction to review a state court judgment. *Johnson v Smithsonian Inst.*, 189 F3d 180, 185 (2d Cir. 1999). The *Rooker-Feldman* doctrine confirms that the United States District Courts

lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v Saudi Basic Indus. Corp.*, 544 US 280, 284 (2005).

3. The *Rooker-Feldman* doctrine deprives the District Court of subject matter jurisdiction in cases where: 1) the plaintiff is a state court loser or judgment-debtor; 2) the plaintiff complains of injuries caused by the state court judgment; 3) the plaintiff's claims require the district court to review and reject the state court judgment; and 4) the state court judgment was entered before the plaintiff's action was commenced. *Sykes v Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94 (2d Cir. 2015).

4. The *Rooker-Feldman* doctrine applied to Plaintiffs' claims in the Complaint because: 1) the Plaintiffs in this action are state court losers as final judgments by confession were entered against them on September 22, 2016 in *Yellowstone Capital, LLC v. NRO Boston, LLC, Jason Indelicato, and Alice Indelicato*, Supreme Court, Rockland County, Index No.: 034002/2016 and *Yellowstone Capital, LLC v. NRO Edgartown, LLC, Jason Indelicato, and Alice Indelicato*, Supreme Court, Rockland County, Index No.: 034003/2016 (*See* **Exhibit B**); 2) Plaintiffs contend that they were injured by the state court judgments (*See* **Exhibit B**); 3) Plaintiffs asked the court to review and reject the state court judgments (*See* **Exhibit B**); and 4) the state court judgments were entered more than three years before plaintiffs' action was commenced (*See* **Exhibit B**).

5. A complete list of the documents filed in the state court action is attached hereto as **Exhibit A**. Exhibits B through M include all of the documents filed in the state court action.

6. The Summons and Complaint and stipulation regarding service are attached hereto as **Exhibit B**.

7. The Defendants' motions to dismiss, Plaintiffs' opposition, and Defendants' replies are attached hereto as **Exhibit C**.

8. The state court's Decision and Order and the notice of entry are attached hereto as **Exhibit D**. The Decision and Order dismissed the RICO claims on September 29, 2020, leaving only two state court claims.

9. The Defendants' Answers to the Complaint with demands and notices are attached hereto as **Exhibit E**.

10. Stern's motion for leave to renew and reargue the state court's decision partially denying dismissal, Plaintiffs' opposition and Stern's reply are attached hereto as **Exhibit F**. The state court's decision denying Stern's motion to renew and reargue and the notice of entry are attached hereto as **Exhibit G**.

11. The Defendants' motions for summary judgment dismissing the Complaint based upon *inter alia* the statutes of limitations, Plaintiffs' opposition, and the Defendants' replies are attached hereto as **Exhibit H**.

12. Plaintiffs' motion for leave to serve an amended complaint, Defendants' opposition, and Plaintiffs' reply papers are attached hereto as **Exhibit I**. Plaintiffs' motion for leave to amend sought to withdraw their Massachusetts state claims, re-assert RICO claims, and continue with their claim to vacate the judgments by confession.

13. Defendants' motion for a protective order against discovery is attached hereto as **Exhibit J**.

14. Additional papers filed to the docket, including stipulations, notices of appeal, and letters to the court are attached hereto as **Exhibit K**.

15. On April 14, 2021, the state court entered a Decision and Order: 1) granting summary judgment and dismissing the action against YSC; 2) granting summary judgment and dismissing Plaintiffs' claim to vacate the 2016 judgments by confession as Plaintiffs' claim was untimely; 3) granting Plaintiffs' motion to amend and deeming the Amended Complaint served on April 14, 2021; and 4) denying Stern's and Glass' summary judgment motions as moot as they had sought dismissal of the Massachusetts state court claims withdrawn by Plaintiffs' Amended Complaint. True, correct, and complete copies of the Decision and Order with notices of entry are attached hereto as **Exhibit L**. As a result of the state court's decision granting Plaintiff's motion to amend, dismissal of the claims seeking vacatur of the judgments by confession, and addition of two RICO claims, April 14, 2021, was the first day in which the action could be removed to United States District Court.

16. The Amended Complaint is attached hereto as **Exhibit M**.

## REMOVAL IS TIMELY AND PROPER

17. 28 U.S.C. § 1446(b) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

18. The Amended Complaint, having been deemed operative and served by the state court on April 14, 2021, is the first pleading in this action that is removable because the Amended Complaint added RICO claims and dismissed the claims seeking vacatur of the judgments. Consequently, the third *Rooker-Feldman* factor is no longer implicated.

19. Consequently, removal of this action is timely on or before May 14, 2021. As the Notices of Removal have been served and filed before May 14, 2021, this removal is timely under 28 U.S.C. § 1446(b)(3).

20. The only remaining Defendants in this action are Stern and Glass. All of the Defendants have consented to removal. The Defendants' written consent is attached hereto as **Exhibit N**.

## BASIS FOR REMOVAL – FEDERAL QUESTION

21. Pursuant to 28 U.S.C. § 1441, a defendant may remove any action over which the District Court would have original jurisdiction. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction of all civil actions arising out of the laws of the United States.

22. This Amended Complaint in this action purports to allege two claims arising out of the laws of the United States 18 U.S.C. §§ 1962. **Exhibit M**. The RICO claims are creatures of federal statutory law, and present federal questions for which removal of the action from state court to District Court is proper. *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566 (9th Cir. 2004).

23. The Supreme Court of the State of New York, County of Rockland, is located within the Southern District of New York. Venue is proper because the action is being removed to the District Court of the United States for the district and division embracing the place where such action is pending under 28 U.S.C. § 1441(a).

24. Pursuant to 28 U.S.C. §1446(d), a copy of Stern's Notice of Removal is being filed contemporaneously with and served upon the Supreme Court of the State of New York, County of Rockland. A copy of this written notice is attached hereto as **Exhibit O**.

25. Pursuant to 28 U.S.C. §1446(d), a copy of Stern's Notice of Removal is being served contemporaneously upon counsel for all other parties.

26. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure as required by 28 U.S.C. §1446(a).

Dated:  New York, New York
       April 23, 2021

/s/ Christopher R. Murray
Adam J. Stein, Esq.
Christopher R. Murray, Esq.
Stein Adler Dabah & Zelkowitz, LLP
*Attorneys for Defendant*
YITZHAK STERN
1633 Broadway, 46th Floor
New York, New York 10019
Tel: (212) 867-5620
E-Mail: cmurray@steinadlerlaw.com